IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM J. ALBRITTON                                                                                    PLAINTIFF

vs.                                          Civil No. 2:11-cv-02234

MICHAEL J. ASTRUE                                                                                      DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

William J. Albritton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability applications on June 15, 2010.  (Tr. 10, 109-115). In these applications, Plaintiff claims to be disabled due to "severe trouble" with his nerve endings due to a birth defect, kidney stones, arthritis in all joints, and a serious sleep disorder.  (Tr. 147). Plaintiff alleges an onset date of June 13, 2008.  (Tr. 10, 109, 113).  These applications were denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

initially and again on reconsideration. (Tr. 47-50).

Thereafter, on December 7, 2010, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 65-86). Plaintiff's administrative hearing was held on June 2, 2011 in Fort Smith, Arkansas. (Tr. 20-46). Plaintiff was present and was represented by Fred Caddell at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Dr. Larry Seifert testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(d) (SSI) and 20 C.F.R. § 404.1563(d) (DIB). (Tr. 23). Plaintiff also testified at this hearing that he had completed eleven years of school, had not graduated, and had not obtained his GED. *Id.*

On July 12, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 7-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 12, Finding 1). The ALJ determined Plaintiff had the following severe impairments: arthritis, peripheral neuropathy, and bipolar disorder. (Tr. 12, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can only climb, balance, crawl, kneel, stoop and crouch. He can frequently finger and handle. The claimant can

> understand, remember and carry out simple, routine and repetitive tasks; respond appropriately to usual work situations; and interact appropriately with supervisors, coworkers and the public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 17, Finding 6). The ALJ evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy considering his age, education, work experience, and RFC. (Tr. 17-18, Finding 10). The ALJ heard testimony from the VE on this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the representative requirements of light, unskilled occupations such as router or dispatcher with 224,722 such jobs in the nation and 1,762 such jobs in Arkansas and inspector, tester, and sorter (such as gasket inspector and sausage inspector) with 125,960 such jobs in the nation and 16,001 such jobs in Arkansas. (Tr. 18). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from his alleged onset date of June 13, 2008 through the date of the ALJ's decision or through July 12, 2011. (Tr. 18, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4-6). On July 12, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 7-9). On December 6, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 20, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2.**   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

3

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

4

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.       Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ erred by failing to fully and fairly develop the record and order a neurological examination; (2) the ALJ erred by finding Dr. Van Hoang's assessment was consistent with light work; and (3) the ALJ erred by failing to find Plaintiff met Medical Vocational Rule 201.10. ECF No. 11. In response, Defendant argues substantial evidence supports the ALJ's decision that Plaintiff was disabled within the meaning of the Act. ECF No. 12. Upon review, the Court finds the ALJ erred by failing to fully and fairly develop the record; and accordingly, only Plaintiff's first argument for reversal will be considered.

In his opinion, the ALJ relied primarily upon the findings of Dr. Van Hoang, M.D. who performed a consultative physical examination on August 13, 2010. (Tr. 241-246). Indeed, the ALJ stated that he gave "substantial weight" to Dr. Hoang's findings. (Tr. 17). However, upon reviewing Dr. Hoang's findings, it appears those findings are not definitive and are qualified in that he

5

recommends a consultative examination. (Tr. 246). The limitations Dr. Hoang placed on Plaintiff were only "*probable* physical limitation for works [work]." *Id.* (emphasis added). Dr. Hoang stated his results were qualified because Plaintiff needed to see a neurologist "to confirm neurological abnormalities . . . and work up on his arthritis." *Id.* In light of Dr. Hoang's statement, prior to the administrative hearing in this matter, Plaintiff requested this neurological consultative examination be ordered. (Tr. 194).

Despite this request from Plaintiff and this recommendation from Dr. Hoang, the ALJ did not order a neurological consultative examination   This was in error. The ALJ has a duty to fully and fairly develop the record in this case. *See Snead v. Barnhart,* 860 F.3d 834, 838 (8th Cir. 2004). Because he relied upon Dr. Hoang's findings without the benefit of a neurological consultation to confirm those results, as recommended by Dr. Hoang himself, the ALJ did not fulfill that duty. Thus, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of October 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE